988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador SUAZO-SOSA, Defendant-Appellant.
 No. 92-50121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-91-310-12-AM; Alfredo C. Marquez, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On August 21, 1991, a jury convicted appellant Salvador Suazo-Sosa of two counts of conspiracy to possess with intent to distribute and manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and one count of possession of a listed precursor chemical, in violation of 21 U.S.C. §§ 841(d)(1), 802(33), 802(34)(C) and 18 U.S.C. § 2. Suazo-Sosa was represented by counsel at trial. Subsequently, Suazo-Sosa substituted new counsel. His new lawyer filed a motion for a new trial, claiming ineffective assistance of counsel. That motion was denied.
 
 
 3
 On appeal, Suazo-Sosa alleges that because of the inadequate performance of his trial counsel he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 4
 To obtain relief on a claim of ineffective assistance of counsel, Suazo-Sosa must prove that his trial counsel's performance fell below an objective standard of reasonableness, and that the deficient performance so prejudiced his defense that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255. United States v. Kazni, 576 F.2d 238, 242 (9th Cir.1978). Collateral review is preferable because in such a proceeding a record may be developed to show what counsel did, why it was done, and what, if any, prejudice resulted. United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988).
 
 
 5
 We are not, however, prevented from considering such contentions on direct appeal where the record is sufficiently complete to allow us to decide the issue. United States v. O'Neal, 937 F.2d 1369, 1376 (9th Cir.1990). Suazo-Sosa argues that the record here is sufficiently complete to allow us to decide the competency of counsel claim. We disagree.
 
 
 6
 Suazo-Sosa argues that his trial counsel's representation was constitutionally deficient because he failed to perform pretrial research or investigation, failed to file pretrial motions, and failed to make a Rule 29 motion as to all three counts. It is unclear from the record before us, however, how much research or investigation Suazo-Sosa's trial counsel actually performed. Also, there is no evidence of trial counsel's trial strategy. We recognize that there may be "good reasons" why counsel acts in a certain way; if the record is incomplete, appellate courts can only second-guess defense counsel. United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943, 469 U.S. 863 (1984).
 
 
 7
 Suazo-Sosa also argues that his trial counsel filed motions that were denied because of timeliness, yet it is unclear what these motions were, why they were late, and how their denial prejudiced the defense. Suazo-Sosa contends the government manufactured two conspiracies when in fact there was only one. He further asserts there was a warrantless search. Important facts surrounding these allegations, however, are not in the record.
 
 
 8
 Suazo-Sosa also contends his trial counsel pursued an irrelevant defense during trial and prejudiced his case by arguing this defense to the jury. On the record before us, however, we hesitate to second-guess Suazo-Sosa's trial counsel's defense strategy. In a collateral habeas corpus proceeding, trial counsel's reasons for presenting the defense can be evaluated along with any prejudice which may have resulted from that course of action.
 
 
 9
 Finally, Suazo-Sosa argues that his trial counsel conceded his guilt in closing argument. The record shows that trial counsel did indeed concede that the jury might find facts which would indicate Suazo-Sosa got together with Mr. Prue in March of 1991 and that they had ephedrine hydrochloride in their possession. He argued, however, that this was not the conspiracy charged by the indictment. He also argued for his client's acquittal on each of the counts of which Suazo-Sosa was convicted, and he argued that the government had failed to carry its burden on these charges. Whether trial counsel's jury argument was part of some plausible trial strategy is not apparent from the record before us. It may be that trial counsel was ineffective and that his representation of Suazo-Sosa was constitutionally deficient. We do not decide this question, but leave it for determination in an appropriate habeas corpus proceeding.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In view of this disposition, the government's motion to strike appellant's appendix and portion of excerpt of record, and to substitute what the government alleges to be the correct search warrant, is moot